**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO BARBA, | No. 15-56522 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-07662-CAS-AGR |
| v. | |
| W. L. MONTGOMERY, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Argued and Submitted January 9, 2017
Pasadena, California

Before: WATFORD and OWENS,** Circuit Judges, and BENNETT,*** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* This case was submitted to a panel that included Judge Kozinski, who
recently retired. Following Judge Kozinski's retirement, Judge Owens was drawn
by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Owens has read
the briefs, reviewed the record, and listened to oral argument.

\*\*\* The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

The district court properly denied Antonio Barba's petition for a writ of habeas corpus. The California Court of Appeal concluded that the admission of Dr. Jennifer Reynolds' testimony did not violate Barba's Confrontation Clause rights, and that even if the DNA report should have been excluded, any error in its admission was harmless beyond a reasonable doubt. Neither of these decisions is contrary to or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1).

As to the admission of Dr. Reynolds' testimony, we acknowledge that *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), support Barba's position. However, in *Williams v. Illinois*, 567 U.S. 50 (2012), the Supreme Court's most recent Confrontation Clause case, five Justices agreed that the admission of expert testimony referring to an out-of-court DNA profile did not violate the Confrontation Clause. No single rationale commanded a majority of the Court. As Justice Breyer acknowledged in his concurrence, the Court did not settle how "Confrontation Clause 'testimonial statement' requirements apply to crime laboratory reports." *Id.* at 92 (Breyer, J., concurring). Given the fractured decision in *Williams* and the lack of clarity in the Supreme Court's Confrontation Clause jurisprudence, fairminded jurists could disagree over whether the state court's decision is inconsistent with the Supreme

Court's precedents in this area. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The Court of Appeal reasonably concluded that the admission of the DNA report was harmless beyond a reasonable doubt. Even if the report had been excluded, the jury still would have heard Dr. Reynolds' expert opinion as to the DNA evidence. Indeed, the report by itself could not have prejudiced Barba, because the report contains technical language that would be meaningless to a jury without explanatory expert testimony. Barba therefore cannot establish that the state court's harmless error determination is "so lacking in justification" that no fairminded jurist could agree with it. *Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (citation omitted).

**AFFIRMED.**